Kenneth L. LONE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24958.

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1970.

Kenneth L. Lone, in pro per.

James L. Browning, Jr., U. S. Atty.,
San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

In 1964 petitioner, represented by counsel, pleaded guilty to robbing a federally-insured bank and, in the course of the robbery, forcing two persons to accompany him without their consent, a violation of 18 U.S.C. § 2113(a), (d) and (e). He was sentenced to imprisonment for twenty-five years. Following the Supreme Court decisions in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968), holding invalid the death penalty provision in this section, petitioner filed this application under 28 U.S.C. § 2255, alleging that his guilty plea "was made only to escape the possibility of the death penalty and was not a voluntary plea. * * *"

■ We affirm the denial of the application on this ground on the authority of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

■ In his traverse to the Government's return, petitioner for the first time alleged that he was mentally incompetent at the time of the plea because he was under "great stress" and was receiving "narcotic medications." He did not state, however, in what manner this affected his understanding of the charges against him and his understanding of the consequences of the plea. We conclude, therefore, that the allegations were mere conclusions and it was not error for the district court to fail to consider them. See Oliver v. United States, 398 F.2d 353, 355 (9th Cir. 1968).

Affirmed.